CARAWAY, J.,
concurring.
|TIn this very unique case involving a change in law for the crime’s punishment, the state presented evidence that the date of the offense occurred just four days after the law’s enactment. With adults having not been alerted to the sexual assault for over two years, this required the reconstruction of events by memory in order to pinpoint the date. This circumstantially raised a critical fact issue. The jury, however, was never charged to determine as an element of the crime that the offense occurred after August 15, 2006. The jury was only charged to determine that the age of the victim was under the age of 13 at the time of the offense or under the age of 17 for the lesser included offense of molestation of the juvenile. Yet, since the child was 11 years old in the summer of 2006, the jury’s consideration of this temporal element of the crime did not require the determination of the actual date in 2006 when the crime occurred. Therefore, the jury as charged by the trial court was not asked to determine beyond a reasonable doubt that the crime occurred four days after the change in the law on August 15, 2006. With these unique circumstances given the constitutional protections under the Ex Post Facto Clause (U.S. Const, art. I, § 10, cl. 1) and the right to trial by jury (U.S. Const, art. VI) as examined in Apprendi v. New Jersey, 530 U.S. *479 466, 120 S.Ct. 2848, 147 L.Ed.2d 435 (2000), I believe that a special jury charge for the determination of the date of the offense was necessary. Nevertheless, under La.C.Cr.P. art. 801, the defendant’s failure to timely object to the jury charge precludes appellate review.